UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos.  05-22599-CIV-JORDAN/TORRES
06-21942-CIV-JORDAN/TORRES

MERCEDES OLIVAS, and others
similarly situated,

      Plaintiff,

vs.

A LITTLE HAVANA CHECK CASH, INC.,
FRANCISCO P. RODRIGUEZ, and
SARA E. RODRIGUEZ,

      Defendants.
_____/

## REPORT AND RECOMMENDATION ON ATTORNEYS' FEES AND COSTS

This matter is before the Court upon referral from the Honorable Adalberto Jordan of two motions for attorneys' fees and costs pending in this case. The first motion was filed by Defendants A Little Havana Check Cash, Inc. ("Little Havana"), Francisco P. Rodriguez, and Sara E. Rodriguez (together, "Defendants") [D.E. 115] following entry by Judge Jordan of an Order granting their motion for attorneys' fees and sanctions. [D.E. 82]. In that Order, Judge Jordan referred this matter to the undersigned Magistrate Judge for a determination of the amount of attorneys' fees and costs to be assessed against Plaintiff's attorney, J.H. Zidell, and awarded to Defendants as a sanction for Defendants' having to litigate the issue of liability on the conversion counterclaim. *Id.* at 3. In connection with this matter, the Court has before it Defendants' Verified Motion for Award of Attorney's Fees and Reasonable Costs of Litigation with attachments [D.E. 115], Mr. Zidell's Response and his Motion to Offset Attorney's Fees [D.E. 154], and Defendants' Reply [D.E. 157].

The second motion at issue here is Plaintiff's Verified Motion for Attorney Fees and Costs Pursuant to 29 U.S.C. 216(B) and Local Rule 7.3 with attachments [D.E. 143], which Judge Jordan referred in its entirety to the undersigned. [D.E. 144]. The Court also has before it Defendants' Response with attachments [D.E. 149] and Plaintiff's Reply [D.E. 150].

After considering the motions and related filings, and the entire record in this case, the Court recommends that Defendants be awarded, in connection with their sanctions motion, $6,885.00 in reasonable attorneys' fees and $316.30 in costs, for a total award of $7,201.30 that shall to be assessed against Mr. Zidell personally. The Court also recommends that Plaintiff's motion for fees and costs be granted in part and denied in part, and that Plaintiff be awarded $57,963.50 in reasonable attorneys' fees and $3,988.55 in costs, for a total award of $61,952.05 from Defendants.

## I.  BACKGROUND

This Report and Recommendation ("R&R") addresses fees and costs motions that are related to two consolidated lawsuits brought by this Plaintiff against these Defendants: Case No. 05-22599-Civ-Jordan, a wage/overtime case brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and Case No. 06-21942-Civ-Jordan, a retaliation case also brought under the FLSA.

In Case No. 05-22599-Civ-Jordan, Plaintiff sued to recover unpaid overtime wages from her former employer, Little Havana, as well as the corporation's owners, Francisco Rodriguez and Sara Rodriguez, in their individual capacities. Little Havana conceded that it might owe Plaintiff some overtime wages, but filed a counterclaim alleging that Plaintiff had converted $35,000 from its store. Judge Jordan granted partial summary judgment for Defendants as to liability on the conversion counterclaim, based on Plaintiff's admission at deposition in this case and her guilty plea in state court to wrongfully taking the $35,000. [D.E. 73]. He allowed

the counterclaim to proceed to the jury on the issue of damages only. *Id.* Following a jury trial and post-trial motions, Judge Jordan entered an Amended Final Judgment as follows: final judgment in favor of Plaintiff, and against Little Havana and Francisco Rodriguez, jointly and severally, in the amount of $47,376.00 on the overtime wages claim; final judgment in favor of Sara Rodriguez and against Plaintiff on the overtime wages claim; and final judgment in favor of Little Havana and Francisco Rodriguez, and against Plaintiff, in the amount of $1.00 on the conversion counterclaim. [D.E. 133 in Case No. 05-22599-Civ-Jordan].

In Case No. 06-21942-Civ-Jordan, Plaintiff alleged that Defendants retaliated against her for initiating the FLSA lawsuit. Following the jury trial and post-trial motions, Judge Jordan entered an Amended Final Judgment as follows: final judgment in favor of Plaintiff, and against Little Havana and Francisco Rodriguez, jointly and severally, in the amount of $25,000 on the retaliation claim; and final judgment in favor of Sara Rodriguez and against Plaintiff on that same claim. [D.E. 19 in Case No. 06-21942-Civ-Jordan].

After Judge Jordan granted partial summary judgment in Defendants' favor on the issue of liability on the conversion counterclaim, Defendants filed a Rule 11 motion for sanctions and an award of attorneys' fees and costs based on Plaintiff's denial of liability on that counterclaim. [D.E. 49]. Defendants complained that they were forced to move for partial summary judgment as a result of a frivolous denial of facts known to counsel.

Judge Jordan granted Defendants' sanctions motion. [D.E. 82]. He ruled that,

> [a]s a result of Mr. Zidell's objectively frivolous conduct [in filing a denial to the conversion counterclaim given his client's guilty plea to theft], Little Havana needlessly expended resources in filing its motion for partial summary judgment, which I granted with respect to liability. Had Mr. Zidell inquired into controlling law on the issue, he would have recognized that the denial of the conversion counterclaim – at least insofar as liability was concerned – was contrary to clearly established Florida law, and Little Havana would not have had to file their motion for partial summary judgment to the extent liability was at issue.

*Id.* at 3.  Judge Jordan thus determined that fees and costs were appropriately assessed against Mr. Zidell "only insofar as Little Havana had to litigate the issue of liability on the conversion counterclaim." *Id.*[1]  Judge Jordan then referred the matter to the undersigned to determine the amount of reasonable fees and costs to be assessed against Mr. Zidell.  *Id.*

In their verified motion, Defendants claimed they expended a total amount of $8,540.00 in attorney's fees in connection with litigating the issue of liability on the conversion claim.  [D.E. 115, Ex. A at 3].  Defendants also claimed $846.85 in costs incurred in connection with this matter.  *Id.* at 6.  Mr. Zidell objects to both the amount of fees and costs requested.  [D.E. 154].

Plaintiff then moved for an award of the attorneys' fees and costs she incurred in connection with her successful overtime wages and retaliation claims in Case Nos. 05-22599-Civ-Jordan and 06-21942-Civ-Jordan.  She claimed she incurred $71,238.75 in attorneys' fees and $4,338.55 in costs.  Defendants implicitly acknowledge that Plaintiff is entitled to fees as the prevailing party under the FLSA, 29 U.S.C. § 216(b).  They challenge, however, the reasonableness of the fees requested but not the costs that Plaintiff incurred.[2]

## II.   ANALYSIS

### A.   *Calculation of Reasonable Attorneys' Fees*

In awarding attorneys' fees, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not

---

[1]   He expressly noted that Plaintiff was not required to reimburse Mr. Zidell for the fees and costs assessed.  *Id.* at 3.

[2]   Defendants note that they have filed an appeal in this case.  [D.E. 149 at 2]. They suggest that if they are successful on appeal, Plaintiff will not be the prevailing party, therefore this Court should stay consideration of Plaintiff's motion for fees until such time as the appeal is concluded.  [D.E. 149 at 2].  That request is denied as there has been no showing that a stay of the entire fee dispute is warranted.

awarded as it is to see that an adequate amount is awarded." *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). Any fees awarded must be reasonable and fall within the guidelines the Eleventh Circuit has promulgated. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). It is consequently within a court's ultimate discretion to adjust the fees to an amount it deems proper in accordance with those parameters. *See, e.g., Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1580 (11th Cir. 1990) ("The *Norman* Court left to the discretion of the district court the decision of whether to prune excessive hours."); *Cullens v. Georgia Dept. Of Transp.,* 29 F.3d 1489, 1493 (11th Cir. 1994) ("We reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.") (quotation omitted).

The Eleventh Circuit has adopted the lodestar method for determining reasonable attorneys' fees. The lodestar method consists of determining the reasonable hourly rate, and multiplying that number by the number of hours reasonably expended by counsel. *E.g., Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman,* 836 F.2d at 1299; *Harbaugh v. Greslin,* 365 F. Supp.2d 1274, 1279 (S.D. Fla. 2005).

### *1. Reasonable Hourly Rates*

When calculating the lodestar amount, the Court first determines the reasonable hourly rate. This Circuit defines the reasonable hourly rate to be the "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman,* 836 F.2d at 1299. Several well established factors may be considered in arriving at that prevailing market rate, as set forth in *Johnson v.*

*Georgia Highway Express, Inc.*[3] The party who applies for attorneys' fees is responsible for submitting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate. *Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman,* 836 F.2d at 1299 (burden lies with fee applicant "of producing satisfactory evidence that the requested rate is in line with prevailing market rates [and] . . . satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."). In the end, however, the Court is deemed an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303).

   (a)   <u>Reasonable Hourly Rate for Defense Counsel</u>

The Court first turns to the issue of a reasonable hourly rate for Defendants' lawyer, Eddy O. Marban, on the sanction order. The Court has reviewed the documentation submitted by Mr. Marban to determine the prevailing market rate in this legal community for "similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. Defendants seek fees based on an hourly rate of $350 for Mr. Marban. Mr.

---

[3]   The 12 *Johnson* factors are as follows:
(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and
(12) the awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974).

Marban states that he is a sole practitioner who has practiced law for over 23 years, specializing in labor and employment law litigation. [D.E. 115 at 4]. In support of his requested hourly rate, Mr. Marban submitted the affidavit of Neil Flaxman[4] who opined that in our local community the hourly rate for services similar to those performed by Mr. Marban in this case received by lawyers with similar comparable skill, experience, and reputation is $300 to $350. [D.E. 115, Ex. C, ¶ 9].

In responding to the proposed hourly rate, Mr. Zidell argued that Mr. Marban should only be awarded the hourly rate he and his clients agreed upon. [D.E. 154 at 2]. Mr. Zidell noted that Mr. Marban billed his clients a total of $20,126.41 based on a "reduced schedule," yet he was seeking roughly 42% of the total billing even though the award to be made is limited to fees spent litigating only the issue of liability on the conversion claim. Mr. Zidell contended that it would be unfair to award Mr. Marban more fees and at a higher hourly rate than his contract calls for. Mr. Zidell requested that the Court direct Mr. Marban to file his contract and then assess a reduced hourly rate based on the document.

In reply, Defendants represented that the contract with Mr. Marban was a contingent fee agreement wherein Mr. Marban agreed to assume representation on a reduced schedule, but that the contract did not limit the fee he could recover. [D.E. 157 at 3]. Defendants explained that Mr. Marban had accepted a reduced fee because Francisco Rodriguez was retired and of limited means. Moreover, even if the contract *had* limited his hourly rate, Defendants argued that Mr. Marban was nevertheless entitled to a reasonable hourly rate, not the contracted-for rate, in accordance with legal precedent in this Circuit.

---

[4] Mr. Flaxman has been a member of the Florida Bar since 1963. Since 1975, he has practiced primarily employment and labor law, representing both employees and employers in Florida state and federal courts. He is board-certified in Labor and Employment Law, and has and continues to represent employees and employers in Fair Labor Standard Act claims, individually and in class-action suits, among other matters. [D.E. 115, Ex. C, ¶¶ 2-5].

Caselaw in this Circuit supports Defendants' position that the fee award to Mr. Marban need not be limited to the hourly rate he and Defendants agreed upon. In *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332 (11th Cir. 2001), the district court awarded attorneys' fees based on an hourly rate that exceeded the hourly rate contractually agreed-to by the defendants and their attorneys. The Eleventh Circuit concluded that an agreed-upon billing rate is a "strong indication" of a reasonable hourly rate, "but it is not necessarily determinative." *Id.* at 1337. It does not act as a cap or ceiling in determining the reasonable hourly rate. *Id.* The court cited *Blanchard v. Bergeron*, 489 U.S. 87 (1989), wherein the Supreme Court explained that a contingent fee arrangement should not place a limit on an attorney's fee award. *Id.* Instead, "the reasonable hourly rate should be determined based on the reasonable worth of services rendered, so long as the rate results in no windfall for the prevailing party." *Id.* (citing *Blanchard*, 489 U.S. at 946). The Eleventh Circuit thus approved the lower court's award of an hourly rate that exceeded the contracted-for rate because it more accurately reflected the prevailing market rate in that legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Id.*

Accordingly, we are not bound by whatever hourly rate Defendants and their counsel agreed upon. Instead, we determine the reasonable hourly rate by applying the analysis traditionally used in this Circuit. Taking into account the relevant factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, the Court finds, however, that an hourly rate of $350 is excessive for the legal services that were required in this case. Based on the Court's own knowledge and experience concerning reasonable and proper fees in FLSA cases in this legal community, *see Loranger*, 10 F.3d at 781, and given Mr. Marban's experience, a maximum rate of $300 is reasonable and proper for this case. This was not a complicated case involving novel or difficult questions of law, but a fairly typical FLSA case with the added, but

not difficult, twist of a conversion counterclaim. Defendants note in their brief that this case proceeded to trial, but it did not do so on the issue for which they are entitled to fees, namely, the issue of liability on the conversion counterclaim. That particular issue was resolved through summary judgment. Nothing in the record points to awarding Mr. Marban an hourly rate at the high end of the suggested range. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 894-95 (1984) (reasonable rate is one that is adequate to attract competent counsel in the relevant legal market, but does not produce a windfall to that attorney). The Court thus recommends an hourly rate of $300 for Mr. Marban's services in this case.

   (b)   *Reasonable Hourly Rate for Plaintiff's Counsel*

Plaintiff as prevailing party requests the following rates for the lawyers who worked on her case:

| Attorney | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Mr. Zidell (lead counsel) | $300 | 180.35 | $54,105.00 |
| David Kelly (associate) | $275 | 60.35 | $16,596.25 |
| Terrence Conover (associate) | $215[5] | 2.5 | $   537.50 |
|  |  |  | $71,238.75 |

[D.E. 143 at 3, 11]. To demonstrate the reasonableness of the rates requested, Plaintiff pointed to a recent decision in which this Court found reasonable the hourly rates of $275 for Mr. Zidell as lead counsel in the case, and $215 for Mr. Conover as associate attorney on the case. *See Olivares v. J&J Fleet Svc., Inc.*, Case No. 04-21394-Civ-Torres, D.E. 54 at 4 (S.D. Fla. Oct. 25, 2007). According to Mr. Zidell, his rates have increased since his work in *Olivares*; for cases litigated in 2006 and 2007, his billable rate was $300 per hour. [D.E. 143 at 3]. To conserve resources, instead of offering expert affidavits on the issue of the

---

   [5]   The text of Plaintiff's motion identifies Mr. Conover's hourly rate as $210, but the billing records reflect he actually billed at $215 per hour. *Compare* pages 3 and 11 of D.E. 143.

reasonableness of Plaintiff's fees request, the parties stipulated that they would rely on the Court's expertise on this issue, unless the Court requested otherwise. *Id*. at 4. The Court sees no need to do so, as Mr. Zidell is well-known to this Court, and it is he who performed the bulk of the work in this case.

In light of the fact that other judges in this district, including the undersigned, have awarded fees to Mr. Zidell based on an hourly rate of $275, and allowing for a modest increase in the billable rate over time, the Court finds $285 per hour for Mr. Zidell's services to be reasonable. Similarly, the Court finds the billable rate of $215 per hour for Mr. Conover to be reasonable. However, the rate offered for Mr. Kelly, $275 per hour, is unreasonable. Unfortunately, Plaintiff has not submitted any information regarding Mr. Kelly's legal experience or background. According to the Florida Bar's website, Mr. Kelly was admitted to practice in Florida in 1997. A reasonable rate for an associate or junior partner of that number of years who can competently handle FLSA cases in this legal market is $225 per hour, which is the rate this Court will recommend for Mr. Kelly.

### *2. Hours Reasonably Expended*

The second component of the lodestar method requires the Court to determine the number of hours reasonably expended by Messrs. Marban and Zidell. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Georgia,* 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). This means that the "district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Consequently, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just

as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* The burden is upon the applicant for fees to submit detailed documentation that will assist the court in determining the amount of fees to properly and reasonably award. *ACLU of Georgia,* 168 F.3d at 427. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. *Id.*

At the same time, the party opposing the fee application must satisfy his obligation to provide specific and reasonably precise objections concerning hours that should be excluded. *Id.* In the final analysis, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

   (a)   <u>*Hours Reasonably Expended by Defense Counsel*</u>

Mr. Marban represented that he spent 24.40 hours litigating the issue of liability on the conversion counterclaim. He submitted billing records that show the hours billed in connection with this specific issue and summarize the work accomplished during those hours. [D.E. 115, Ex. A].

Mr. Zidell has challenged many of the hours for which Mr. Marban seeks reimbursement. Mr. Zidell contended that some of those hours were not spent litigating the issue of *liability* on the counterclaim, the sole area for which reimbursement may be had, but rather, were related to other matters such as litigating the issue of *damages* on the counterclaim, an area that Judge Jordan ruled was properly contested by Plaintiff. [D.E. 152 at 3]. In addition, Mr. Zidell argued that Mr. Marban spent excessive time on many matters and that the number of hours reasonably expended should be reduced.

Judge Jordan's sanctions order is unambiguous, and therefore we must disallow any time spent on matters *other* than the issue of liability on the counterclaim, as well as relevant

work that is excessive, redundant, or otherwise unnecessary. Fee applicants must exercise what the Supreme Court has termed "billing judgment." *ACLU v. Georgia*, 168 F.2d at 428 (quoting *Hensley*, 461 U.S. at 434). "Reasonably competent counsel do not bill hours that are 'excessive, redundant, or otherwise unnecessary.'" *Yahoo!, Inc. v. Net Games, Inc.*, 329 F.Supp.2d 1179, 1183 (N.D. Cal. 2004) (also quoting *Hensley*, 461 U.S. at 434).

The Court has considered each of Mr. Zidell's objections, and finds most to be without merit. A review of Mr. Marban's billing records shows that most of the work performed by Mr. Marban was reasonably connected to the liability/conversion issue, and the time spent was not excessive. Mr. Zidell's suggestion that Mr. Marban is seeking reimbursement for time spent on the issue of damages for the conversion claim is belied by Mr. Marban's express averments that he excluded such time from his fee request.[6] Mr. Zidell's contrary suggestion is unsupported.

However, the Court does agree with Mr. Zidell that some of the work does not reasonably fall within the ambit of Judge Jordan's sanctions order. Mr. Marban sought reimbursement for 1.45 hours expended in connection with Plaintiff's announcement (later retracted) that she did not wish to proceed with her claim. [D.E. 115, Ex. A at 2, entries for 12-6-07, 12-7-07, and 12-11-07]. Although Mr. Marban stated that Plaintiff's attempt to conclude the litigation was directly related to the counterclaim, clearly it related to the entire lawsuit. Time spent by defense counsel pursuing resolution of this nature would have been spent regardless of the existence of a conversion counterclaim. The Court therefore

---

[6] For instance, the time entry dated 12-13-06 reflects that 3.60 hours was spent preparing Defendants' summary judgment motion on the conversion claim. [D.E. 115, Ex. A at 2 ]. It concludes with the following statement that is repeated at the end of many other entries: "This entry excludes the time spent on the punitive damages, and time spent on the issue of offsetting conversion damages." *Id.*

recommends excluding 1.45 hours from the total number of hours for which Mr. Marban should be reimbursed.[7]

Based on the record as a whole, the number of hours requested for the types of tasks involved (24.40 - 1.45 = 22.95 hours), and with the downward adjustment to Mr. Marban's hourly rate (to $300 per hour), the Court recommends awarding reasonable attorneys' fees in the amount of $6,885.00.

### (b)   Hours Reasonably Expended by Plaintiff's Counsel

Plaintiff requests an award based on a total of 243.2 attorney hours expended in this case. The Court agrees with Defendants that those hours connected to the conversion counterclaim must be excluded. It would be unjust if Mr. Zidell were reimbursed for the time spent litigating a claim which was necessitated by his own "objectively frivolous conduct," conduct that Judge Jordan ultimately sanctioned. [D.E. 82 at 3]. The Court thus has eliminated 26.5 hours from the total number of hours reasonably expended by Plaintiff's counsel.

Defendants next recommend a partial reduction in hours because Plaintiff was not entirely successful on all her claims. A court should consider the results obtained in a case after the lodestar figure has been calculated. "After determining the lodestar amount [], the court is entitled to adjust the amount of the final fee awarded in light of the results obtained through the litigation." *Duckworth*, 97 F.3d at 1399; *see also Norman*, 836 F.2d at 1302 (after

---

[7]   In their prayer for relief, Defendants ask for the opportunity to supplement their fees request so that they may recover for time spent replying to Mr. Zidell's "frivolous" response to their fees motion. [D.E. 157 at 5]. They also want to recover for time spent responding to Mr. Zidell's Rule 60(b) motion. *Id.* The Court denies the request. In this Court's view, neither filing is so frivolous that it merits sanctions. Indeed, Judge Jordan expressly declined to sanction Mr. Zidell for his "frivolous Rule 60(b) motion[.]" We decline to do so as well.

the lodestar is determined by multiplying the reasonable hourly rate by the hours reasonably expended, the court next considers the necessity of an adjustment for results obtained).

> If the results were excellent, then the court should compensate for all hours reasonably expended. If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive. . . . A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours. It is improper to make the reduction based on a simple ratio of successful issues to issues raised.

*Id.* (internal citations omitted).

The Court finds no basis to reduce the lodestar figure in this case on the basis of results obtained. Plaintiff prevailed on both her claims (overtime wages and retaliation). That she was successful against both the corporate defendant and Francisco Rodriguez, who conceded he was Plaintiff's employer for purposes of the FLSA, but not against Sara Rodriguez, who denied being Plaintiff's employer, or that Judge Jordan remitted a portion of the jury award, is of no moment. As Plaintiff prevailed on the "significant" issue in the case, no lodestar reduction is necessary. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (a party is considered prevailing "for attorney's fees purposes if they succeed on any *significant issue* in the litigation which achieves some of the benefit the parties sought in bringing suit.") (emphasis added).

Defendants also argue that Plaintiff's counsel's billing records evidence excessive time spent on various tasks, or that some of the tasks were simply unnecessary and should be disallowed. As previously mentioned, under the second component of the lodestar analysis, the Court must focus on exclusion of hours that are excessive, redundant, or otherwise unnecessary. *Norman*, 836 F.2d at 1301. We have reviewed the billing records and conclude, for a matter that proceeded to jury trial and through post-trial motions, that the number of hours billed in this matter were reasonable. Therefore, we award the following attorneys' fees:

       Mr. Zidell    153.85 hours x $285.00 = $43,847.25
       Mr. Kelly     60.35 hours x $225.00 = $13,578.75
       Mr. Conover  2.5 hours x $215.00 = $537.50

This results in a total attorneys' fee award to Plaintiff in the amount of $57,963.50.

### B.  *Calculation of Costs*

Federal Rule of Civil Procedure 54 allows for the taxation of costs. "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Fed. R. Civ. P. 54(d)(1). A court has discretion in considering a motion to tax costs, but that discretion is limited. *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 462 (11th Cir. 1996) (district court's decision to tax costs is reviewed for clear abuse of discretion); *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("although the district court has discretion to deny a prevailing party costs, such discretion is not unfettered"). In awarding costs, the court may not exceed those costs enumerated in 28 U.S.C. § 1920 "absent explicit contrary authorization in the applicable substantive statute." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D. Fla. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). In the Eleventh Circuit, this means that cost awards under the FLSA are limited to the costs enumerated in § 1920. *Id.* (citing several cases from this district which so hold, including *Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) *(*denying expert witness fees under 29 U.S.C. § 216(b), and noting that nothing suggested that Congress intended the term "costs of the action" to include anything more than the costs listed in § 1920)). Both parties in this case, then, may recover only those costs listed as taxable under § 1920. *Id.*

Section 1920 lists the following items that may be taxed as costs to the non-prevailing party in a federal case:

     (1)     Fees of the clerk and marshal;
     (2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
     (3)     Fees and disbursements for printing and witnesses;
     (4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;
     (5)     Docket fees under section 1923 of this title;
     (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

### *1.  Costs for Defendants*

Defendants seek reimbursement in the amount of $846.85 for costs incurred in connection with litigating their conversion counterclaim against Plaintiff, per Judge Jordan's sanctions order. [D.E. 115 at 6]. Mr. Zidell objects generally on the ground that there is no evidence that these costs were incurred in connection with this specific issue.

One problem with Defendants' submission of costs is that it reflects *all* the costs incurred in this case (totaling $2,727.29) instead of segregating those that relate specifically to the issue for which an award may be made (liability on the counterclaim). [D.E. 115, Ex. A at 3-4]. Based on the record in this case, however, the following items are identifiable as being connected thereto: the deposition transcripts of Francisco Rodriguez ($238.75) and Plaintiff ($352.85), which were utilized in connection with Defendants' motion for partial summary judgment; the transcript of the summary judgment hearing on 2-9-07 ($181.50); the deposition of Francisco Rodriguez in the criminal case ($120); and the transcript of a hearing on 6-22-06 in the criminal case ($20.50).

The deposition transcripts of Plaintiff and Mr. Rodriguez were provided to the Court in connection with the summary judgment motion and are taxable items under § 1920(2). However, because they were not used solely for the liability/conversion issue, the Court will reduce by half the amount Defendants may recover for these items ($238.75 + $352.85 = $591.60/2 = $295.80). The transcript of the hearing in the criminal case documented Plaintiff's

plea of guilt to the theft charge and is likewise taxable. However, Defendants have not explained why the transcript of Mr. Rodriguez's deposition in the criminal case also was necessary to prove the conversion claim. As for the transcript of the summary judgment hearing conducted by Judge Jordan, Defendants have failed to explain why it was necessary to transcribe that hearing to litigate liability on the conversion counterclaim. The Court recommends that Defendants be awarded a total of $316.30 in costs.

### 2. *Costs for Plaintiff*

Plaintiff is seeking $4,338.55 in costs. Defendants do not challenge this request. However, in accordance with the Court's obligation to satisfy itself that the costs are reasonable, we have reviewed the charges incurred by Mr. Zidell. The charges appear reasonable and taxable under § 1920, with the exception of the mediation costs. Mediation costs are not recoverable under § 1920. *See, e.g., Smith v. Reliance Std. Life Ins. Co.*, 2004 WL 2980683, at *3 (S.D. Fla. Nov. 10, 2004); *Manriquez v. Manuel Dias Farms, Inc.*, 2002 WL 1050331, at *3 (S.D. Fla. May 23, 2002). With this exclusion, the Court recommends that Plaintiff be awarded $3,988.55.

### C.   *Offset of Fee Awards*

We finally address Mr. Zidell's request that any amount of fees and costs awarded to Defendants in connection with their having to litigate liability on the conversion counterclaim be offset by the fees and costs awarded to him in connection with Plaintiff's motion for fees and costs based on her status as the prevailing party on the overtime wages and retaliation claims. Mr. Zidell suggests that because recovery under 29 U.S.C. § 216(b) is mandatory, and his fees and costs will exceed those that will be awarded to Defendants, it would be "just" to offset the former by the latter. [D.E. 154 at 1]. Moreover, Mr. Zidell opines that such an offset is a reasonable request here as Defendants have refused to pay the final judgment against

them which is in excess of $70,000 "because they claim that they have no funds to do so and inspite [sic] of the fact that the [Little Havana] business was sold by Defendant Rodriguez for $175,000 in June 2005." [*Id.*, n.1].[8]

Defendants object to Mr. Zidell's request for an offset. They stress Judge Jordan's clear directive that it be Mr. Zidell, not his client, who pays the expenses incurred by Defendants in connection with the liability issue. [D.E. 157 at 1-2]. The offset request, Defendants assert, is simply an attempt by Mr. Zidell to avoid individual liability for payment by passing on the expense to his client. [*Id.* at 2 and n.1].

Although there is a certain facial appeal in Mr. Zidell's point, there is technically no basis here to setoff the fees he owes under the sanctions order against the fees owed by Defendants on the underlying claims. Defendants owe fees to the Plaintiff, not Mr. Zidell. Although he may or may not be the beneficiary of those fees under his retention agreement with Plaintiff, those fees are an award to the Plaintiff. Mr. Zidell has been ordered to make payment to Defendants, but Defendants have no obligation to Mr. Zidell personally. Therefore, this is not a classic setoff situation.

More importantly, Mr. Zidell cannot ignore Judge Jordan's unambiguous order: that fees and costs awarded to Defendants pursuant to the sanctions order are his obligation, and his alone. It seems to us to be inconsistent with the purpose of such an order to allow Mr. Zidell to simply credit that sum from fees owed to his client. Of course, if Mr. Zidell were to stipulate to Judge Jordan that his fee in this case will be entirely based upon any sums paid to Plaintiff on the fee award, then perhaps Mr. Zidell would be on more solid footing. But that decision should be made in response to a motion to stay execution of the fee judgment that will be entered against him. Indeed, as there are already several appellate issues in the case, the

---

[8]   Mr. Zidell has proffered no evidence to support this allegation.

District Judge may decide to stay execution of all the judgments entered in the case. Our only task here, however, is to determine what the fee awards should be. The District Judge will decide, assuming he adopts our Recommendation, when to enter such judgments and when the parties should be able to execute on them. Thus for our purposes we will not recommend any setoff on the amount of the fee owed by Mr. Zidell against the fee judgment owed by Defendants to Plaintiff.

### III.  CONCLUSION & RECOMMENDATION

For the foregoing reasons, it is hereby Recommended:

1. Defendants' Verified Motion for Award of Attorney's Fees and Reasonable Costs of Litigation [**D.E. 115**] should be **GRANTED IN PART and DENIED IN PART**. Defendant A Little Havana Check Cash, Inc. should be awarded the amount of $6,885.00 in attorneys' fees and $316.30 in costs, for a **total award of $7,201.30** that reflects the reasonable attorneys' fees and costs expended by Defendants in connection with litigating the conversion counterclaim. In accordance with the Court's Order, D.E. 82 at 3, this amount shall be assessed against J.H. Zidell, Esq., and not Plaintiff. A fee judgment should be entered in this amount pursuant to Fed. R. Civ. P. 58, although an Order enforceable by contempt may also be entered for that purpose.

2. Plaintiff's Verified Motion for Attorney Fees and Costs Pursuant to 29 U.S.C. 216(B) and Local Rule 7.3 [**D.E. 143**] should be **GRANTED IN PART and DENIED IN PART**. Plaintiff Mercedes Olivas should be awarded the amount of $57,963.50 in reasonable attorneys' fees and $3,988.55 in costs, for a **total award of $61,952.05** in accordance with 29 U.S.C. § 216(b). A fee judgment should be entered in this amount pursuant to Fed. R. Civ. P. 58.

3. Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) business days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Adalberto Jordan, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 29th day of February, 2008.

_____
EDWIN G. TORRES
United States Magistrate Judge